UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANNON JONES,

                Plaintiff,              **DECISION AND ORDER**

                                                                                  Case No. 20-CV-545-FPG

v.

THE CITY OF ROCHESTER, et al.,

                Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, Shannon Jones ("Plaintiff"), brings this civil-rights action against Defendants Police Officer Eluid Rodriguez, Police Officer Erin Rodgers, Police Officer Cory Roth, and Police Officer Tucker ("Defendants").

Pending before the Court is Defendants' Motion for Summary Judgment filed January 27, 2022. ECF No. 21. Plaintiff failed to respond to that Motion in accordance with the Court's Scheduling Order. ECF No. 22. On April 13, 2022, this Court issued an Order directing the Plaintiff to show cause, in writing and before May 4, 2022, why this case should not be dismissed for failure to prosecute. ECF No. 23. To date, Plaintiff has not responded to that Order.

## BACKGROUND

Plaintiff's operative complaint (the "Amended Complaint") was filed on August 17, 2020, two days after the Court-issued deadline. ECF No. 8. On October 2, 2020, this Court issued a Decision and Order pursuant to §§ 1915(e)(2)(B) and 1915A, dismissing several claims and defendants, but permitting certain claims in the Amended Complaint to go forward. ECF No. 10.

Plaintiff's remaining claims are for false arrest and unreasonable search and seizure against all four Defendants; use of excessive force against all four Defendants; and malicious prosecution against Roth and Rodriguez. ECF No. 10 at 15. On November 18, 2020, Defendants filed an Answer to the Amended Complaint. ECF No. 13.

This case was subsequently referred to United States Magistrate Judge Leslie G. Foschio to preside over all pretrial matters excluding dispositive motions. ECF No. 14. On January 12, 2021, Judge Foschio held a Scheduling Conference with the parties and issued a Scheduling Order governing various guidelines and deadlines for discovery and dispositive motions. ECF No. 19 at 1-5. That same day, Plaintiff was mailed copies of this Court's Decision and Order, ECF No. 10, Judge Foschio's Scheduling Order, ECF No. 19, the Alternative Dispute Resolution Plan for the Western District of New York effective May 11, 2018, the 2020 Mediator List for Rochester, New York, the *Pro Se* Litigation Guidelines, and information for the *Pro Se* Assistance Program. ECF No. 20.

Following the conference, on January 21, 2021, Defendants served Plaintiff with discovery demands; to date he has not responded to those requests. *See* ECF No. 21-1 at 2. Similarly, Plaintiff has not made any discovery demands on Defendants as required by Judge Foschio's Scheduling Order. *Id.*; ECF No. 19.

On January 27, 2022, Defendants filed a Motion for Summary Judgment. ECF No. 21. The same day, Plaintiff was served with a copy of the Motion and all accompanying documents. *See* ECF No. 21-7. The following day, the Court entered the following Motion Scheduling Order & Notice to *pro se* Plaintiff ("Scheduling Order & Notice") on January 28, 2022 stating, *inter alia*:

> On January 27, 2022, Defendants filed a Motion for Summary Judgment. ECF No. 21. The Court advises Plaintiff that Defendants asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of Motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY

>BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as Federal Rule of Civil Procedure 56(e) requires.

ECF No. 22 at 1.

Despite this warning, Plaintiff did not respond to Defendants' Motion by the Court's deadline. Given Plaintiff's failure to respond, on April 13, 2022, this Court issued an Order to Show Cause directing that:

>Plaintiff is hereby Ordered to Show Cause in writing and before May 4, 2022, why this case should not be dismissed for failure to prosecute.[1] Failure to comply with this order will result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

ECF No. 23 at 3.

To date, Plaintiff has failed to respond to the Order to Show Cause, file any submissions in opposition to Defendant's Motion by the aforementioned deadline, or contact the Court to request an extension of time within which to file his submissions. Plaintiff's last appearance in this case was on January 12, 2021—sixteen months ago.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order[2]. *Lucas v. Miles,* 84 F.3d 532, 534-35 (2d Cir. 1996). The district court's discretion to dismiss

---

[1] Local Rule 41(b) provides the following directives regarding Plaintiff's response:

>The parties shall respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed. They need not appear in person. No explanations communicated in person, over the telephone, or by letter shall be accepted. If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires.

Loc. R. Civ. P. 41(b).

[2] Federal Rule of Civil Procedure 41(b) provides as follows:

3

a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed as a whole. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209-10 (2d Cir. 2001).

Although not specifically defined in Rule 41(b), the Second Circuit Court of Appeals has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Also, in tandem, this Court's Local Rule of Civil Procedure 41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months. Loc. R. Civ. P. 41(b).

When considering a Rule 41(b) dismissal, the district court must analyze the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535. No single factor is dispositive, and the court must consider the record as a whole. *Vail v. City of New York*, No. 18-CV-9169 (JPO), 2021 U.S. Dist. LEXIS 96175, at *3-4 (S.D.N.Y. May 20, 2021).

---

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

4

Where a plaintiff is proceeding *pro se*, he or she "'should be granted special leniency" and his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209. However, *pro se* litigants have an obligation to comply with a court's orders, and when they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel,* No. 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at *8 (S.D.N.Y. Jul. 14. 2000).

## DISCUSSION

### I.  Failure to Prosecute

The Court considers below each of the five factors that determine whether a Rule 41(b) dismissal for failure to prosecute is warranted.

### A. Delay

Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration. *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 U.S. Dist. LEXIS 17172, at *5 (S.D.N.Y. Nov. 5, 1999); *see also United States ex rel. Drake v. Norden Sys.,* 375 F.3d 248, 255 (2d Cir. 2004) (noting that a seventeen-month delay was not only significant, but also longer than delays that have supported dismissals in other cases.). However, a short delay in litigation may still result in a proper dismissal if the plaintiff has engaged in a pattern of intransigence such as continuously failing to comply with court orders relating to discovery. *Graham*, 1999 U.S. Dist. LEXIS 171272, at *6. In this Circuit, courts have previously dismissed cases pursuant to Rule 41(b) when the plaintiff's delay has fallen within the range of six months to twenty-one months. *Bentham v. City of New York,* No. 99-CV-8287 (NGG)(JMA), 2003 U.S. Dist. LEXIS 26761, at *6 (E.D.N.Y. Dec. 23, 2003) (collecting cases); *see also Peters-Turnbull v. Board of Educ. of City of New York,* No. 96-CV-4914, 1999 U.S. Dist. LEXIS 16079, at *8 (S.D.N.Y. Oct. 20, 1999)

(holding that a delay between five and ten months was "comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

Here, Plaintiff has made no effort to move this case forward for sixteen months. In accordance with other courts in this Circuit, Plaintiff's duration of inactivity falls within a sufficient time frame to warrant dismissal. Furthermore, Plaintiff has failed on numerous occasions to meet this Court's mandated deadlines. *See* ECF No. 8, 19, 21-23. Plaintiff was late to amend his Complaint, failed to submit or request discovery materials, and failed to respond to multiple notices and court orders including Defendants' Motion for Summary Judgment, Scheduling Orders, and the Order to Show Cause. *Id*. Therefore, this factor weighs in favor of dismissal.

**B. Notice**

With respect to a *pro se* plaintiff, the Second Circuit has noted that the notice given regarding dismissal must be more specific, in that at least one notice must warn the plaintiff that their failure to respond will result in dismissal. *Lucas*, 84 F.3d at 535; *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d. Cir. 2014) (summary order). Notice can be evidenced by Plaintiff receiving defendant's Motion to Dismiss and/or various court orders. *Coss v. Sullivan Cnty. Jail Adm'r,* 171 F.R.D. 68, 71 (S.D.N.Y. 1997).

In this case, Plaintiff was served with at least three separate documents that gave notice of the potential dismissal of his claim for failure to prosecute pursuant to Rule 41(b); Defendants' Motion to Dismiss, filed on January 27, 2022, the Scheduling Order, entered on January 28, 2022, and the Order to Show Cause, entered on April 13, 2022. ECF No. 23. Despite these warnings, Plaintiff, to date, has not made any response with respect to these documents nor any communication with the Court. Therefore, Plaintiff was given sufficient notice, and this factor weighs in favor of dismissal.

### C. Prejudice

Prejudice to a defendant resulting from unreasonable delay may be presumed as a matter of law when a plaintiff fails to respond to discovery demands, comply with court orders, or provide information that may be crucial to defendant's defense of the actions. *See Drake,* 375 F.3d at 256; *Lyell*, 682 F.2d at 43; *Coss* 171 F.R.D. at 71-72.

Here, prejudice to Defendants due to Plaintiff's delay will be presumed given that Plaintiff has failed to request and submit mandatory discovery materials, failed to comply with and respond to multiple court orders, and has not made any progress with his case for sixteen months. Plaintiff is not only delaying the case itself, but is also hindering the ability of the Defendants to proceed on their Motion for Summary Judgment. This factor weighs in favor of dismissal.

### D. Docket Balance

This Court "must strike a balance between alleviating the congestion of its calendar and protecting [plaintiff's] right to due process and his chance to be heard." *Coss*, 171 F.R.D. at 72. Plaintiff's failure to act for a lengthy duration, failure to respond to defendant's discovery demands, and failure to respond to various motions "more than adequately establishes that [the] case serves as nothing more than to congest the court's docket and divert the court's attention from other matters." *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016); *see also Henderson v. Levy*, No. 15-CV-802-RJA-MJR, 2019 U.S. Dist. LEXIS 34211 at *12 (W.D.N.Y. Feb. 25, 2019) (noting that a plaintiff failing to respond to court orders, engage in discovery, and explain why his case should not be dismissed cannot be seen as a denial of plaintiff's rights to due process or to present their case.).

As previously mentioned, Plaintiff has been unresponsive to Defendants' discovery requests and various orders submitted by this Court. Although initially engaged in this action,

Plaintiff has shown no continued interest in litigating his claims. Therefore, this favor weighs in favor of dismissal.

### E. Sanctions

Courts in this Circuit have determined that monetary sanctions are usually not appropriate for a *pro se* and/or *in forma pauperis* plaintiff. *Henderson*, 2019 U.S. Dist. LEXIS 34211 at *12. Although "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations," *Lyell*, 682 F.2d at 42 (citation & internal quotation marks omitted), a case may be dismissed where "there are no lesser sanctions . . . that are suitable," *Coss*, 171 F.R.D. at 72. Specifically, "where a *pro se* plaintiff has flagrantly disobeyed three court orders over a span of almost six months, there are no other effective remedies but dismissal." *Bentham*, 2003 U.S. Dist. LEXIS 26761 at *16.

Given that Plaintiff is *pro se* and proceeding *in forma pauperis* in this case, monetary sanctions would not be appropriate. Moreover, Plaintiff has continuously failed to comply with various deadlines and Court orders, so there is little indication that monetary sanctions would persuade Plaintiff's participation. Therefore, this Court finds that there are no appropriate sanctions other than dismissal.

## II.     Summary Judgment

Finally, the Court considers Defendants' pending Motion for Summary Judgment. In the Second Circuit, there is a "strong preference for resolving disputes on the merits." *Langhorne v. Takhar Group Collection Servs., Ltd.*, No. 13–CV–231C, 2014 WL 2938768, at *2 (W.D.N.Y. Jun. 27, 2014). However, the court "should not need to reach the merits of defendant's summary judgment motion because [plaintiff's] action should be dismissed for failure to prosecute." *Lediju*, 173 F.R.D. at 113*; see also Stoute v. Rockefeller Found.*, No. 93 Civ. 2628 (SAS), 1995 U.S. Dist.

LEXIS 17875, at *1-2 (S.D.N.Y. Nov. 30, 1995) (finding moot defendant's Motion for Summary Judgment where the case was dismissed for failure to prosecute).

Although a resolution on the merits is generally preferred, the facts of this case support a dismissal for failure to prosecute given that Plaintiff has failed to comply with multiple Orders of this Court, respond to Defendant's Motion for Summary Judgment, and make any effort to move this case forward since his last appearance on January 12, 2021. Accordingly, the Court need not reach Defendants' Summary Judgment Motion, and that Motion is DENIED AS MOOT.

## CONCLUSION

For the foregoing reasons, the Amended Complaint is DISMISSED, with prejudice, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: May 25, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York